**MUNGER, TOLLES & OLSON LLP**

350 SOUTH GRAND AVENUE 50TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

September 1, 2017

Writer's Direct Contact
(213) 683-9579
(213) 683-4079 FAX
jeffrey.wu@mto.com

**VIA ECF**

The Hon. Jan E. DuBois
United States District Judge
United States District Court for the Eastern
  District of Pennsylvania
Room 12613
601 Market Street
Philadelphia, PA 19106

Re: *In re Niaspan Antitrust Litigation*, MDL No. 2460, No. 13-MD-2460
**(This Letter Relates to the *End Payor* Actions)**

Dear Judge DuBois:

On behalf of Defendants in the above-captioned matter, I write to raise several discovery disputes related to the document productions of the End Payor Plaintiffs ("EPPs"). Defendants and EPPs have been engaged in a meet-and-confer process since May 2017. The parties have made progress in some areas, but several important, long-pending issues remain unresolved. Defendants believe that those issues require the Court's attention at this time. As required by Section C5 of the Court's Case Management Order No. 1, we set forth below a succinct description of the principal issues in dispute without advocating Defendants' position:

1. **Redactions**: EPPs Electrical Workers 242 and 294 Fund ("Electrical Workers") and Painters District Council No. 30 Fund ("Painters") redacted multiple financial terms from their contracts with pharmacy benefit managers ("PBMs"). *See, e.g.*, EPNIAS04259-61, EPNIAS08632, EPNIAS0520-23. EPP A.F. of L.-A.G.C. Building Trades Welfare Plan ("AF of L") heavily redacted the text of its drug formularies, other than the word "Niaspan," making it impossible to ascertain which formulary tiers Niaspan is in and which other cholesterol drugs are included in the formularies. *See* EPNIAS05516-5631. The EPPs have stated that the redactions are based on confidentiality agreements with non-parties.

Defendants' position is that the EPPs are responsible for producing discoverable documents in their possession, and the Protective Order is sufficient to protect any confidentiality interests the EPPs may have. Defendants have provided the EPPs with legal authority explaining that confidentiality agreements do not shield otherwise discoverable material from discovery. *See Niester v. Moore*, 2009 WL 2179356, at *3 (E.D. Pa. July 22, 2009) ("Even a formalized private agreement to keep materials confidential does not prevent the discovery of those materials."); *Zoom Imaging L.P. v. St. Luke's Hosp. and Health Network*, 513 F. Supp. 2d 411, 417 (E.D. Pa. 2007) ("Progressive argues Elwork's documents are protected by confidentiality agreements. . . . These agreements, however, do not preclude the production of

MUNGER, TOLLES & OLSON LLP

The Hon. Jan E. DuBois
September 1, 2017
Page 2

Elwork's documents for the purpose of discovery.") (collecting cases). Other EPPs have produced similar PBM contracts and formularies without redactions.

Defendants are not challenging the EPPs' redaction of financial terms in the PBM contracts that expressly apply solely to drugs other than Niaspan. *See, e.g.,* EPNIAS00526-33.

2. **Collective Bargaining Agreements**: The EPPs have refused to produce collective bargaining agreements ("CBAs") that discuss the terms of the EPPs' prescription drug benefits. The Rule 30(b)(6) designee for one of the EPPs testified that she and her staff refer to CBAs to determine the terms of benefits coverage. *See* 4/25/2017 Regina Reardon Dep. Tr. 76-77, 137, 139. A court decision likewise shows that the CBA of the City of Providence, an EPP, sets forth detailed terms of prescription drug benefits. *Providence Retired Police v. City of Providence*, 2012 WL 338226 (R.I. Super. Ct. Jan. 30, 2012). Defendants believe production of the CBAs is necessary to ensure a full and complete picture of the terms of the EPPs' prescription drug benefits.

3. **City of Providence**: Defendants have raised several issues with the document production of the City of Providence, and have not received substantive responses: (1) public information shows that Blue Cross Blue Shield ("BCBS") administered the City's prescription drug benefits,[1] but the City produced only a single document (purchase data) related to BCBS; (2) the City has not produced any documents related to its Medicare Advantage prescription drug plans; and (3) the City appears to offer different drug benefits to employees who are members of Local Union 1033 but has not produced any documents related to those benefits. Since May, the EPPs have indicated that they are making inquiries, but despite repeated follow-up from Defendants, months have passed without any reported progress. Defendants remain willing to meet and confer but need the EPPs to respond in substance.

*       *       *

Defendants believe the Court's attention and guidance is now necessary, so that discovery related to class certification can continue in accordance with the Scheduling Order. Defendants will be prepared to discuss these issues at the September 7, 2017, status conference, or to brief them if the Court would find that appropriate.

---

[1] For example, the above-cited court decision states that, "[u]nder the terms of the various CBAs between the Unions and the City [of Providence], each Police and Fire Retiree, as well as his or her spouse, were guaranteed lifetime health insurance under either Classic Blue Cross/Blue Shield or Healthmate Coast-to-Coast ('Blue Cross'). The CBAs would ultimately provide prescription drug coverage as well." The court explains that it "refers to both Classic Blue Cross/Blue Shield and Healthmate Coast to Coast as 'Blue Cross' because both are administered for the City by Blue Cross/Blue Shield of Rhode Island." *Providence Retired Police* , 2012 WL 338226, at *2 & n.2 (citation omitted). The decision is replete with references to BCBS.

MUNGER, TOLLES & OLSON LLP

The Hon. Jan E. DuBois
September 1, 2017
Page 3

                                      Very truly yours,

                                      /s/ *Jeffrey Y. Wu*
                                      Jeffrey Y. Wu

cc:  All counsel by ECF