

DAVID F. SORENSEN/*MANAGING SHAREHOLDER*
p. 215.875.5705 m. 267.979.8943 | dsorensen@bm.net

January 14, 2019

**VIA ECF**

The Honorable Jan E. DuBois
United States District Court
Eastern District of Pennsylvania
Room 12613
601 Market Street
Philadelphia, PA 19106

Re:   In re Niaspan Antitrust Litigation – MDL 13-2460

Dear Judge DuBois:

    I write on behalf of all Plaintiffs to alert the Court to Defendants' service over the weekend of an untimely and unauthorized sur-rebuttal report by one of their experts, Dr. Pierre-Yves Cremieux, an economist.

    Defendants previously served a timely report by Dr. Cremieux, dated August 27, 2018, that concerned, *inter alia*, the appropriate relevant antitrust market in this case, and which responded to the report of one of Plaintiffs' experts, Dr. Thomas McGuire, on that subject. As permitted by the Court's Scheduling Order, Plaintiffs served a rebuttal report by Dr. McGuire responding to Dr. Cremieux on October 22, 2018. See Corrected Seventh Amended Scheduling Order, dated Nov. 16, 2018 (ECF No. 570) ("Scheduling Order"). Dr. Cremieux's deposition is scheduled for Wednesday, January 16; and Dr. McGuire's deposition is scheduled for Thursday, January 17.

    The Scheduling Order makes no provision for Defendants to serve sur-rebuttal reports. Nor have Defendants asked the Court for leave to serve such reports. Nevertheless, without any advance warning, just before midnight on Saturday, January 12, 2019, Defendants served a sur-rebuttal by Dr. Cremieux purporting to "respond to certain issues raised in Dr. McGuire's rebuttal report" regarding the relevant antitrust market. *See* Ex. A (Email from defense counsel at 11:47 PM Eastern on Saturday,

1818 MARKET STREET, SUITE 3600
PHILADELPHIA, PA 19103
215.875.3000 | *BERGERMONTAGUE.COM*



January 14, 2019
Page 2 of 3

January 12). The Cremieux sur-rebuttal comes nearly three months after Plaintiffs served Dr. McGuire's rebuttal report on October 22, 2018, and just two business days before the scheduled back-to-back depositions of Dr. Cremieux and Dr. McGuire.

The Cremieux sur-rebuttal consists of six dense tables, along with associated back-up material. See Ex.B (Dr. Cremieux's sur-rebuttal report (filed under seal)). On its face, the sur-rebuttal appears to encompass entirely new statistical analyses and regression models. *Id.* at Supplemental Exh. 1 (proffering results of the "Augmented Engle-Granger Test", nowhere contained in Dr. Cremieux's August 27, 2018 report); at Supplement Exh. 2 (new "Johansen Test"); at Supplemental Exh. 3 (new "Error Correction Model"); at Supplemental Exh. 4A (new "Alternative regression"); at Supplemental Exh. 4B (same); and at Supplemental Exh. 5 (new "correction" to Dr. McGuire's own model). The exhibits came without any narrative report. Defendants apparently intend for Dr. Cremieux to actually testify about these exhibits for the first time at his deposition (or at trial).

What is at stake is important: market power and the appropriate relevant antitrust market (assuming such a market must be defined) is an important issue in the case. Dr. McGuire's rebuttal utterly dismantled Dr. Cremieux's original analysis of that issue, including Dr. Cremieux's claim that his regression model showed cross-price elasticities between Niaspan and other cholesterol-management drugs. Nearly three months later, and on the eve of depositions, Defendants are trying to cure the plain defects of Dr. Cremieux's original report with an entirely new statistical analysis.

On Sunday, January 13, Plaintiffs asked Defendants to withdraw the sur-rebuttal in full by noon eastern today. Ex. C (Email from David F. Sorensen). Defendants refused (see Ex. D) and disingenuously claimed the sur-rebuttal contains merely "Dr. Cremieux's reactions to a few narrow, technical issues". *Id.* That is not correct and is belied both by the facial complexity of the sur-rebuttal itself and its associated backup – which, again, Plaintiffs' experts have not had a chance to fully analyze – and the nearly three months it took Dr. Cremieux to produce it.

Plaintiffs have no choice but to respectfully request that the Court (1) strike the sur-rebuttal in its entirety, or alternatively (2) grant Plaintiffs leave to serve a response, and for such other relief as may be appropriate.

If the sur-rebuttal is not stricken, the current deadline for the completion of expert depositions (February 8, 2019) may not hold. Plaintiffs notified Defendants that, in the event they refused to withdraw the sur-rebuttal, the Cremieux and McGuire depositions would need to be rescheduled (*see* Ex. C). Plaintiffs and their experts need adequate



January 14, 2019
Page 3 of 3

time to study and respond to the sur-rebuttal (again, Defendants took nearly three months to prepare it).  Plaintiffs were preparing for both depositions based on the existing set of reports as authorized by the Scheduling Order.  If the sur-rebuttal is not stricken, to prevent prejudice to Plaintiffs, Plaintiffs will need time to serve a response before the depositions proceed.

  Plaintiffs respectfully suggest that striking the sur-rebuttal report would fairly and efficiently move this matter forward.

  Plaintiffs appreciate the Court's attention to this matter and are available to discuss further at the Court's convenience.

             Respectfully,

             David F. Sorensen

Enclosures

cc:  All counsel of record via ECF

1818 MARKET STREET, SUITE 3600
PHILADELPHIA, PA  19103
215.875.3000  |  *BERGERMONTAGUE.COM*