# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re NIASPAN ANTITRUST LITIGATION** | **MDL No. 2460**<br><br>**2:13-md-2460 JD** |
| **THIS DOCUMENT RELATES TO:**<br>**All Direct Purchaser Class Actions** | |

**[~~PROPOSED~~]**
## ORDER
## APPROVING THE FORM AND MANNER OF NOTICE
## AND APPOINTING NOTICE ADMINISTRATOR

WHEREAS, on August 13, 2019, this Court allowed Direct Purchaser Class Plaintiffs'

Motion for Class Certification under Fed. R. Civ. P. 23(b)(3) (ECF No. 688) (the "Class

Certification Order");

WHEREAS, pursuant to the Class Certification Order, this Court certified under Fed. R.

Civ. P. 23(b)(3) the below-listed class (the "Class"):

> All persons or entities in the United States and its territories who purchased
> brand name Niaspan directly from any defendant, and generic Niaspan
> (extended-release niacin) at any time during the period April 5, 2009
> through June 26, 2014; or who purchased generic Niaspan (extended-
> release niacin) directly from any defendant during that time period; or who
> purchased brand name Niaspan directly from any defendant at any time
> after April 5, 2009 but ceased operations before generic Niaspan entered in
> September 2013.  Excluded from the class are the defendants, their officers,
> directors, management, employees, subsidiaries, and affiliates, and all
> federal government entities.

WHEREAS, in the Class Certification Order, this Court found that the Direct Purchaser

Class Plaintiffs satisfied the requirements of Fed, R. Civ. P. 23(a)(1), (a)(2), and (a)(3) by

showing that the class is so numerous that joinder of all members is impracticable, there are

questions of law or fact common to the class, and the claims or defenses of the representative parties are typical of the claims or defenses of the class;

WHEREAS, in the Class Certification Order, this Court found that the Direct Purchaser Class Plaintiffs satisfied the adequacy of representation requirements of Fed. R. Civ. P. 23(a)(4) by showing that the class representatives – Rochester Drug Co-Operative, Value Drug, and Professional Drug Company Inc. – do not have any conflicts with other class members and by showing that class counsel is qualified and will vigorously prosecute this case;

WHEREAS, in the Class Certification Order, this Court found that the Direct Purchaser Class Plaintiffs satisfied the predominance requirement of Rule 23(b)(3); AND

WHEREAS, Direct Purchaser Plaintiffs have requested that the Court approve their proposed form and manner of notice to the certified class informing them of the pendency of this class action and appoint RB/2 Claims Administration as the notice administrator tasked with effectuating notice to each class member;

NOW THEREFORE, for the reasons set forth in the Class Certification Order, the Court hereby ORDERS that:

1. RG/2 Claims Administration is hereby appointed notice administrator for this action.

2. On or before December 27, 2019, the notice administrator shall cause the Notice to be sent by U.S. First Class mail to the members of the class listed in Exhibit 1 hereto.

3. The form of notice to be sent to members of the Class will be substantially in the form of the proposed notice (the "Notice") attached as Exhibit 2 hereto.

4.   Members of the Class may request exclusion from the Class postmarked no later than January 31, 2020.  The notice administrator, RG/2 Claims Administration, and Lead Class Counsel shall monitor and record any and all opt-out requests that are received.

5.   On or before February 25, 2020, the notice administrator shall file a declaration with the Court confirming that the notice has been sent by U.S. First Class Mail to all Class members as required herein and identifying the Class members, if any, who requested to be excluded from the Class and who meet the requirements for a valid request for exclusion as set forth in the Notice.

SO ORDERED this __13th__ day of December, 2019.


Hon. Jan E. DuBois
United States District Judge
U.S. District Court for the
Eastern District of Pennsylvania

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re NIASPAN ANTITRUST LITIGATION** | **MDL No. 2460**<br><br>**MASTER FILE No. 13-MD-2460** |
| **THIS DOCUMENT RELATES TO:**<br><br>**All Direct Purchaser Class Actions** | |

## If you purchased brand or generic Niaspan (extended-release niacin) at any time between April 5, 2009 and June 26, 2014, a class action lawsuit could affect your rights.

*This Notice is being provided by Order of the U.S. District Court.*
*This is not a solicitation from a lawyer. You are not being sued.*

**A class has been certified in a class action lawsuit alleging claims against the manufacturer of brand name Niaspan and one manufacturer of generic Niaspan (extended-release niacin). If you**

- **purchased brand name Niaspan directly from Abbott Laboratories or AbbVie Inc. (collectively the "AbbVie Defendants"), at any time during the period April 5, 2009 through June 26, 2014; or**

- **purchased generic Niaspan (extended-release niacin) directly from Teva Pharmaceuticals USA, Inc., Teva Pharmaceuticals Industries, Ltd., Barr Pharmaceuticals Inc., Duramed Pharmaceuticals Inc. and/or Duramed Pharmaceuticals Sales Corp. (collectively the "Teva Defendants"), between April 5, 2009 and June 26, 2014; or**

- **purchased brand name Niaspan directly from the AbbVie Defendants at any time after April 5, 2009 but ceased operations before September 20, 2013,**

**you may be a member of the class described below, and a class action lawsuit could affect your rights.**

This notice describes a class action lawsuit, pending in the United States District Court for the Eastern District of Pennsylvania, in which the plaintiffs allege that the AbbVie Defendants and the Teva Defendants entered into an agreement to delay generic competition for branded Niaspan (extended-release niacin) in violation of federal antitrust law.

42841470.1

1

The lawsuit alleges that, as a result of the defendants' conduct, the prices paid by entities that purchased Niaspan and/or generic Niaspan directly from the defendants were higher than they otherwise would have been.  The lawsuit seeks to recover overcharge damages, attorneys' fees and costs from the defendants.  The defendants deny that any of their conduct was unlawful.  The Court has not yet heard or resolved the merits of the plaintiffs' claims or determined whether the plaintiffs' or the defendants' contentions are true.  No trial has yet been scheduled.

**TO DETERMINE WHETHER YOU ARE AFFECTED BY THE PENDING CLASS ACTION LAWSUIT, PLEASE SEE SECTION 8 ON PAGE 7 OF THIS NOTICE.**
Your rights and options – **and the deadlines to exercise them** – are explained in this notice. Please contact [www.niaspanantitrustlitigation] or the Niaspan Antitrust Litigation Administrator at [1-_____] for court documents about the pending lawsuit, frequently asked questions, and more information.

**DO NOT CONTACT THE COURT OR DEFENDANTS
IF YOU HAVE QUESTIONS REGARDING THIS NOTICE**

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **DO NOTHING** | If you are a member of the class, by doing nothing you will remain in the class and may be entitled to share in any recovery that may come from a trial or settlement with the defendants. All of the Court's orders will apply to you and legally bind you. |
| **EXCLUDE YOURSELF FROM THE CLASS** | This is the only option that allows you to file or be part of another lawsuit against the defendants relating to the claims in this case. If you exclude yourself from the class, you will not be bound by any of the Court's orders in this case as to the claims against the defendants, nor will you be entitled to participate in and benefit from a recovery in this case, if any.  Any dispute about your request to be excluded will be resolved by the Court. |
| **GET MORE INFORMATION** | If you would like more information about the lawsuit, you can review this notice and send questions to the lawyers identified in Question 13 below. |

**THESE RIGHTS AND OPTIONS
– AND THE DEADLINES TO EXERCISE THEM –
ARE EXPLAINED IN THIS NOTICE.**

WHY HAS THIS NOTICE BEEN ISSUED?......................................................PAGE __

    1.  Why did I receive this notice?
    2.  What is the lawsuit about?
    3.  Why is this lawsuit a class action?

THE STATUS OF THE CASE………..................................................................PAGE

    4.  What is the current status of the lawsuit?
    5.  Has the Court decided who is right?
    6.  What are the plaintiffs asking for?
    7.  Is there any money available now?

WHO IS IN THE CLASS....................................................................................PAGE

    8.  Am I part of this class?

YOUR RIGHTS AND OPTIONS.........................................................................PAGE

    9.  What are my legal rights and options in this case?

IF YOU DO NOTHING…………………….…………………………….PAGE

    10. What happens if I do nothing at all?

EXCLUDING YOURSELF FROM THE CLASS……………………………PAGE

    11. Why would I ask to be excluded from the class?
    12. How do I ask the Court to exclude me from the class?

THE LAWYERS REPRESENTING THE CLASS.............................................PAGE

    13. Do I have a lawyer in this case?
    14. Should I get my own lawyer?
    15. How will the lawyers be paid?

THE TRIAL........................................................................................................PAGE

    16. How and when will the Court decide who is right?
    17. Do I have to come to the trial?
    18. Will I get money after the trial?

GETTING MORE INFORMATION....................................................................PAGE

    19. Are more details available?

# WHY HAS THIS NOTICE BEEN ISSUED?

| 1 | Why did I receive this notice? |
|---|---|

This notice explains your legal rights and options regarding the pending class action lawsuit against the AbbVie Defendants and the Teva Defendants.

You received this notice because, according to sales data produced by the manufacturers of brand and generic Niaspan, you may have purchased branded and/or generic Niaspan during the period from April 5, 2009 through June 26, 2014 directly from the AbbVie Defendants and/or from the Teva Defendants.

This notice explains that the Court has allowed, or "certified," a class action lawsuit that may affect you. You have legal rights and options that you may exercise. Judge Jan E. DuBois of the United States District Court for the Eastern District of Pennsylvania is overseeing this class action.

| 2 | What is the lawsuit about? |
|---|---|

Rochester Drug Co-Operative, Value Drug, and Professional Drug Company, Inc. (together, the "plaintiffs") filed lawsuits individually and as representatives of all persons in the United States and its territories who purchased brand name Niaspan or generic Niaspan (extended-release niacin) directly from the AbbVie Defendants and/or the Teva Defendants. The cases were consolidated before Judge Jan E. DuBois in the United States District Court for the Eastern District of Pennsylvania.[1] The lawsuit asserts that, as a result of the defendants' alleged unlawful conduct, the prices paid for Niaspan and generic Niaspan (extended-release niacin) were higher than they otherwise would have been. The plaintiffs seek to recover damages in the form of overcharges they allege were caused by defendants' conduct. Under federal antitrust law, any damages awarded at trial are automatically trebled (that is, tripled). Plaintiffs also seek to recover attorneys' fees and costs.

The lawsuit alleges that the defendants violated federal antitrust laws by unlawfully impairing and delaying the introduction of generic versions of the prescription drug Niaspan into the United States market. The plaintiffs allege that in 2005, the maker of brand Niaspan, Kos Pharmaceuticals, Inc., and a generic pharmaceutical company, Barr Pharmaceuticals, Inc., entered into a "pay for delay" agreement in violation of the federal antitrust laws. Absent the alleged "pay for delay" agreement, the plaintiffs claim, Barr (or later Teva) would have launched generic Niaspan earlier than September 2013, the date on which Teva launched generic Niaspan. The plaintiffs also claim that Kos (or later Abbott or AbbVie) would have

---

[1] The Defendants' names and corporate relationships have changed over time due to consolidation in the pharmaceutical industry. Kos Pharmaceuticals, Inc. was acquired by Abbott Laboratories in December 2006. Abbott Laboratories later spun off its pharmaceutical business to a new corporation, AbbVie Inc. Barr Pharmaceuticals, Inc. was acquired by Teva in 2008.

launched its own competing generic version of Niaspan, an "authorized generic," at or about the same time. The plaintiffs allege that the prices for Niaspan and generic Niaspan were higher than they would have been absent the defendants' alleged unlawful conduct.

The defendants deny all these allegations, including that the plaintiffs or class members are entitled to damages or other relief.

| 3   Why is this lawsuit a class action? |
|---|

In a class action lawsuit, one or more persons or entities (called "plaintiffs" or "class representatives") sue on behalf of others who have similar claims. Together, all these entities make up the "class" and are called the "class" or "class members." The companies that filed suit are called the plaintiffs (or class representatives). The companies that are sued are called the defendants.

In a class action lawsuit, one court resolves the issues for everyone in the class, except for those class members who exclude themselves from the class.

In allowing this lawsuit to proceed as a class action, Judge DuBois certified the following class of direct purchaser plaintiffs:

> All persons or entities in the United States and its territories who purchased brand name Niaspan directly from any defendant, and generic Niaspan (extended-release niacin) at any time during the period April 5, 2009 through June 26, 2014; or who purchased generic Niaspan (extended-release niacin) directly from any defendant during that time period; or who purchased brand name Niaspan directly from any defendant at any time after April 5, 2009 but ceased operations before generic Niaspan entered in September 2013. Excluded from the class are the defendants, their officers, directors, management, employees, subsidiaries, and affiliates, and all federal government entities.

- The Court decided that this lawsuit can proceed as a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. The common legal and factual questions include:

  o Whether the defendants conspired to suppress generic competition to Niaspan;

  o Whether, pursuant to a reverse payment agreement, Barr (and later Teva) agreed to delay its entry into the market with generic Niaspan; and

  o Whether the alleged reverse payment agreement is illegal under the antitrust rule of reason.

A copy of the Court's order may be found at [www.niaspanantitrustlitigation.com].

## THE STATUS OF THE CASE

| 4 | What is the current status of the lawsuit? |
|---|---|

The Court certified a class of direct purchaser plaintiffs on August 13, 2019 for all purposes, including trial and any future settlements, and appointed the named plaintiffs and their attorneys to represent the class.

The case against the defendants is ongoing. There has been no determination by the Court or a jury that the allegations against the defendants have been proven.  A jury trial date has not yet been set by the Court.

| 5 | Has the Court decided who is right? |
|---|---|

No. The Court has not decided in favor of the plaintiffs or the defendants with respect to the pending claims. By issuing this notice, the Court is not suggesting that the plaintiffs will win or lose this case. If the claims against the defendants are not resolved by a settlement or otherwise, the plaintiffs must prove their claims at trial.

| 6 | What are the plaintiffs asking for? |
|---|---|

The plaintiffs are seeking to recover the overcharges they claim the class paid as a result of the defendants' anticompetitive conduct. If the plaintiffs prevail at trial, they will be entitled to recover triple the amount of damages that the plaintiffs are able to prove.  The plaintiffs also seek attorneys' fees and litigation costs.

| 7 | Is there any money available now? |
|---|---|

No. The Court has not yet decided whether the defendants did anything wrong, and the plaintiffs have not settled their claims against any of the defendants. There is no guarantee that money or benefits will ever be obtained from the defendants. If they are, class members will be notified regarding how to obtain a share.

## WHO IS IN THE CLASS

You need to decide whether you are affected by this lawsuit.

| 8 | Am I part of the class? |
|---|---|

The litigation class of direct purchasers includes persons or entities in the United States and its territories who purchased brand name Niaspan directly from the AbbVie Defendants, and generic Niaspan (extended-release niacin) at any time during the period April 5, 2009 through June 26, 2014; or who purchased generic Niaspan (extended-release niacin) directly from the Teva Defendants during that time period; or who purchased brand name Niaspan directly from the AbbVie Defendants at any time after April 5, 2009 but ceased operations before generic Niaspan entered in September 2013.

Even if you meet these requirements, you are not a member of the class if you are a defendant or one of the defendants' officers, directors, management, employees, subsidiaries, or affiliates, or if you are a federal government entity.

If you fit within the definition of the class, you will be considered a member of the class unless you timely and fully comply with the instructions for excluding yourself from the class as set forth below.

## YOUR RIGHTS AND OPTIONS

| 9 | What are my legal rights and options in this case? |
|---|---|

If you fit within the definition of the class, you have to decide whether to stay in the class or ask to be excluded. **You have to decide this now**.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THE CLASS | |
|---|---|
| Remain a Class Member by Doing Nothing | You do not need to do anything at this time to remain a member of the class. You will be bound by any decision of the Court in this case, and you will give up your rights to sue any of the defendants about the same set of facts, series of transactions, or legal claims involved in this case. By remaining in the class, you make yourself eligible to receive a share of any money that may be recovered by the class. |
| Exclude Yourself | If you exclude yourself from the class, you will not be bound by the decisions of the Court and will not be entitled to receive any money that may be recovered for the class in the future.  Any dispute over your request to be excluded will be resolved by the Court. |
| Hire Your Own Lawyer | You may, but are not required to, hire your own lawyer at your expense to advise you of your rights in the class action lawsuit. You have the right to enter an appearance in the case through your lawyer if you wish. |

## IF YOU DO NOTHING

| **10** | **What happens if I do nothing at all?** |

If you fit within the definition of the class and you do nothing, then you will remain in the class. You will keep the right to a share of any recovery that may come from a trial or settlement with the defendants in this litigation. You will not be able to start your own lawsuit against any of the defendants relating to the legal issues or claims in this case. All of the Court's orders will apply to you and legally bind you.  **If you wish to remain in the litigation class, you do not need to do anything at this time.**

## EXCLUDING YOURSELF FROM THE CLASS

| **11** | **Why would I ask to be excluded from the class?** |

If you exclude yourself from the class – also known as "opting-out" of the class – you won't get any money or benefits from this lawsuit even if the plaintiffs obtain them as a result of trial or from any settlement with the defendants. If you exclude yourself, you will not be legally bound by any of the Court's orders as to the claims against the defendants in this class action or any judgment or release entered in this class action.

| **12** | **How do I ask the Court to exclude me from the class?** |

What you must file to exclude yourself from the class depends on whether your right to recover is (i) for qualifying purchases made yourself, or (ii) for purchases that were made by another person (or entity) and you have been assigned all or some of the antitrust rights of that other person (or entity).

If you made qualifying purchases yourself, or if you have been assigned <u>all</u> of the antitrust rights of a person or entity that made qualifying purchases, and wish to be excluded from the class, you must send a letter via first class U.S. mail to the notice administrator listed in Question 19 below stating that you want to exclude yourself from the Lawsuit, *In Re Niaspan Antitrust Litigation*, MDL No. 2460, Master File No. 13-MD-2460 (E.D. Pa.). This letter should include your name, address, telephone number, and your signature and **<u>must</u>** be postmarked no later than **January 31, 2020.**  If you have been assigned <u>all</u> of the antitrust rights of a person or entity that would have otherwise been a member of the class, to be excluded, you must **also** provide a copy of the assignment of claims.  Note: If you have previously produced the assignment in this litigation (either as a party who previously filed an action asserting the assigned claim or as a non-party), you may direct the notice administrator to the location of the assignment in the discovery.

If you are a partial assignee (i.e., if the entity that assigned antitrust claims to you retained some portion of its antitrust claims and remains a class member), and wish to be excluded from the class, you must send a letter via first class U.S. mail to the notice administrator listed in Question 19 below stating that you want to exclude yourself from the Lawsuit, *In Re Niaspan*

*Antitrust Litigation*, MDL No. 2460, Master File No. 13-MD-2460 (E.D. Pa.), and provide (a) a copy of the assignment of claims, and (b) data identifying the purchases you made from your assignor that you contend define the scope of the assigned claims.  The required assignment and data **must** be postmarked no later than **January 31, 2020**.  Note: If you have previously produced the assignment and the data in this litigation (either as a party who previously filed an action asserting the assigned claim or as a non-party), you may direct the notice administrator to the location of the assignment and data in the discovery.  Please also be advised that seeking to opt out has a number of legal consequences and you should consult with your own counsel.

Any dispute concerning whether your request to be excluded is valid will be resolved by the Court.  You may retain your own counsel and be heard in any such dispute.

## THE LAWYERS REPRESENTING THE CLASS

| 13    Do I have a lawyer in this case? |
| --- |

The Court has appointed three law firms to serve as counsel to represent you and all class members. Their contact information is as follows:

| | |
| --- | --- |
| Thomas M. Sobol<br>Hannah Schwarzschild<br>Jessica A. MacAuley<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>55 Cambridge Parkway, Suite 301<br>Cambridge, MA 02142<br>Telephone: (617) 482-3700<br>Facsimile: (617) 482-3003 | David F. Sorensen<br>Nicholas Urban<br>BERGER MONTAGUE PC<br>1818 Market Street, Suite 3600<br>Philadelphia, PA 19103<br>Telephone: (215) 875-3000<br>Facsimile: (215) 875-4604<br><br>Bruce E. Gerstein<br>Joseph Opper<br>Dan Litvin<br>GARWIN GERSTEIN & FISHER LLP<br>88 Pine Street, 10th Floor<br>New York, NY 10005<br>Telephone: (212) 398-0055<br>Facsimile: (212) 764-6620 |

You will not be personally charged for the services of these attorneys in litigating this case against the defendants.

| 14   Should I get my own lawyer? |
|---|

You do not need to hire your own lawyer if you remain in the class because the lawyers appointed by the Court are working on your behalf. You may hire a lawyer and enter an appearance through your lawyer at your own expense if you so desire.

| 15   How will the lawyers be paid? |
|---|

If class counsel achieves a recovery for the class, the Court will be asked to approve reasonable fees and expenses for the lawyers who worked on the case and reimbursement for the litigation expenses they have advanced on behalf of the class. If the Court grants class counsel's requests, fees and expenses would either be deducted from any money obtained for the class or paid separately by the defendants. Members of the class will not have to pay any attorneys' fees or expenses.

## THE TRIAL

| 16   How and when will the Court decide who is right? |
|---|

If the claims against the defendants are not resolved by a settlement or otherwise, class counsel will have to prove the plaintiffs' claims at a trial by jury.  The date for a jury trial has not yet been set by the Court.  During the trial, the jury will hear evidence about whether the plaintiffs are right about the claims in the lawsuit. There is no guarantee that the plaintiffs will win, or that the plaintiffs will get any money for the class. Any judgment will be binding on all class members who have not opted out, regardless of who wins.

| 17   Do I have to come to the trial? |
|---|

No, you do not need to attend the trial. Class counsel will present the case for the plaintiffs and the class, and counsel for the defendants will present the defenses. You and/or your own lawyer are welcome to attend the trial at your own expense.

| 18   Will I get money after the trial? |
|---|

If the plaintiffs obtain money or benefits as a result of the trial or a settlement, you will be notified about how to participate. We do not know if or when this will occur or how long this will take.

## GETTING MORE INFORMATION

| 19 | Are more details available? |
|---|---|

For more detailed information about this litigation, please refer to the papers on file in this litigation, which may be inspected at the Office of the Clerk, United States District Court for the Eastern District of Pennsylvania, United States Courthouse, 601 Market Street, Philadelphia, PA 19102 during regular business hours of each business day. You may also get additional information by calling or writing to class counsel as indicated above, or by visiting [www.niaspanantitrustlitigation.com]], or by writing to the Notice Administrator, RG/2 claims Administration, at the following address:

> RG/2 Claims Administration
> P.O. Box 59479
> Philadelphia, PA 19102-9479

**PLEASE DO NOT WRITE TO OR CALL THE COURT OR THE CLERK'S OFFICE FOR INFORMATION. INSTEAD, PLEASE DIRECT ANY INQUIRIES TO ANY OF THE CLASS COUNSEL LISTED ABOVE.**

DATE: December 13, 2019

BY THE COURT

_Jan E. DuBois_
Hon. Jan E. DuBois
United States District Judge