```
                   UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF PENNSYLVANIA

                                    .  Case No.  2:13-md-02460
IN RE:                              .
                                    .  U.S. Courthouse
NIASPAN ANTITRUST                   .  601 Market Street
LITIGATION                          .  Philadelphia, PA 19106
                                    .
                                    .  December 12, 2019
. . . . . . . . . . . . . . . . . . .  11:52 a.m.


                  TRANSCRIPT OF TELEPHONE CONFERENCE
                  BEFORE THE HONORABLE JAN E. DUBOIS
                  UNITED STATES DISTRICT COURT JUDGE


TELEPHONIC APPEARANCES:

For the Direct              Berger Montague, P.C.
Purchaser Putative          By:  DAVID F. SORENSON, ESQ.
                                 NICHOLAS URBAN, ESQ.
Class:                      1818 Market Street, Suite 3600
                            Philadelphia, PA 19103
                            (215) 875-3000

                            Garwin Gerstein & Fisher, LLP
                            By:  DAN LITVIN, ESQ.
                            1501 Broadway, Suite 1416
                            New York, NY  10036
                            (212) 398-0055

                            Hagens Berman Sobol Shapiro LLP
                            By:  THOMAS M. SOBOL, ESQ.
                            55 Cambridge Parkway, Suite 301
                            Cambridge, MA  02142
                            (617) 482-3700

APPEARANCES CONTINUED.


Audio Operator:             Michael Cosgrove, ESR


TRANSCRIBED BY:             Access Transcripts, LLC
                            10110 Youngwood Lane
                            Fishers, IN 46038
                            (855) 873-2223
                            www.accesstranscripts.com


           Proceedings recorded by electronic sound
    recording, transcript produced by transcription service.
```

APPEARANCES (Continued):

For TEVA Defendants:      Kirkland & Ellis, LLP
                          By:  DEVORA ALLON, ESQ.
                          601 Lexington Avenue
                          New York, NY 10022-4611
                          (212) 446-4800

For AbbVie Defendants:    Munger Tolles & Olson LLP
                          By:  STUART N. SENATOR, ESQ.
                               PAUL H. SAINT-ANTOINE, ESQ.
                               JEFFREY Y. WU, ESQ.
                          350 South Grand Avenue, 50th Floor
                          Los Angeles, CA 90071-3426
                          (213) 583-9528

For Walgreen Plaintiffs:  Kenny Nachwalter, P.A.
                          By:  SCOTT E. PERWIN, ESQ.
                          Four Seasons Tower, Suite 1100
                          1441 Brickell Avenue
                          Miami, FL  33131
                          (305) 373-1000

For CVS Plaintiffs:       Hangley Aronchick Segal Pudlin &
                           Schiller
                          By:  MONICA L. KILEY, ESQ.
                          2805 Old Post Road, Suite 100
                          Harrisburg, PA  17110
                          (717) 364-1030

1   (Proceedings commence at 11:52 a.m.)

2   THE COURT: This is Judge DuBois. We're going to
3 conduct a very brief telephone conference for the purpose of
4 addressing the class-action notice for the DPP class in the
5 <u>Niaspan Antitrust Litigation</u>. This call is being recorded, and
6 I'm going to identify the categories of parties who are
7 represented.

8   Interim -- well, I think it's -- I don't think it's
9 Interim Liaison Counsel any longer. I think it's class counsel
10 for the Direct Purchaser Class, the DPP class are represented
11 by Mr. Sorenson and his associates. Interim Liaison Counsel
12 for defendants, Mr. Saint-Antoine and several others. The TEVA
13 defendants are represented by Devora Allon. Walgreen
14 plaintiffs by Scott Perwin, and CVS plaintiffs by Monica Kiley.

15   I didn't mean to exclude the retailer plaintiffs, but
16 the purpose of this call was so mechanical, I mean, it's really
17 not substantive. It's to clarify some issues, and I thought
18 that the more parties I directed be on the line, the longer it
19 would take to schedule, and it's already taken too long, but
20 that was my reason for limiting the participants.

21   All right. Now let's get started. Let's start with
22 the form of order numbered paragraph 2 on page 2. I find the
23 reference to 14 days of the entry of this order to be inexact.
24 The order sometimes doesn't get entered immediately, and I
25 thought that should be changed, either to a specific date, and

1  I'm going to address that issue, the use of specific dates
2  later, but if we're going to stay with the date of the entry of
3  the order, we should just simply say the date of the order, the
4  date on the order.
5           But I'm inclined to think -- and I've done this -- I
6  can't recall a case where we keyed things that had to happen to
7  dates of mailing and dates of the entry of an order.  More
8  often than not, and I'm thinking in almost every case, if not
9  every case, we use specific dates.  That's my comment with
10 respect to paragraph 2.
11          The same thing in paragraph 4, and that's even more
12 diaphanous, within no later than 35 days from the mailing of
13 the notice.  That's a very inexact way of referring to a date.
14          In paragraph 5, again, talks about the date of the
15 entry of the order.
16          Paragraph 3 of the order refers to the notice being
17 in substantially the same form.  Why reference to
18 substantially?  I did not get that.
19          And, finally, you've got my signature hanging out
20 there alone on page 3 and I don't like that.  It raises all
21 sorts of issues.  Anything can be plugged into pages 1 and 2.
22 I'm not suggesting that you would do it, but it certainly makes
23 for manipulation and bad practice.
24          I've raised a number of, I think, rather simple
25 issues to resolve.  Let's talk about them.  First, dates.  Is

1  there any reason why we can't use specific dates?  I'll sign
2  the order, because I -- the only changes I have to propose in
3  the notice, really, to the dates for doing things, not the
4  number of days, but the way you've articulated when that must
5  be done.
6           All right.
7           MR. SORENSON:  Your Honor, this is -- yeah, this is
8  David Sorenson.  Yes, of course, we can change the -- change it
9  to the date of a specific date.
10          THE COURT:  Well, then, let's do that.  When can you
11 get the order back to me?  I suppose it can be done today.
12          MR. SORENSON:  We'll get it back to you today.  Yes.
13          THE COURT:  All right.  Then I'll sign it today.
14          MR. SORENSON:  Okay.
15          THE COURT:  And so we can plug in a specific date,
16 which would be 14 days, or we can do it from tomorrow.  I have
17 a pretty heavy-duty sentencing this afternoon.  I'm not sure
18 whether I'll finish in time to get mail out at the day end, so
19 make it 14 days -- key everything from tomorrow.
20          MR. SORENSON:  All right. So that will be December
21 27th.
22          THE COURT:  Okay.  Of the 13 -- 14 would be December
23 27th.
24          MR. SORENSON:  Yes.
25          THE COURT:  All right.  What about the word

1  "substantially"?  What was that inserted for?

2              MR. SORENSON:  Your Honor, only things -- minor
3  things like concerning actual dates, as opposed to the current
4  form of draft -- the current form of notice has been like 35
5  days from date of mailing, as opposed to a date.  Obviously,
6  the intent is to substitute an actual date before this went
7  out.  Sometimes in final review there are very minor things
8  caught in final proofing, typos or something, and then that
9  would then have to go back to Your Honor for approval again,
10 which can delay things.

11             We typically have this kind of language.  Obviously,
12 nothing is done without the defendants' signoff, and if any
13 issue arises that either side thinks is material as opposed to
14 very trivial, obviously, the intent would always be to come
15 back to Your Honor, but it's really just for that.  It's -- it
16 -- we can have some other language if you're uncomfortable,
17 obviously, with "substantially."

18             It's just that if you say the exact form, then
19 parties or lawyers can get concerned if there's very small
20 things that need to be fixed, then we have to go back for
21 formal court approval before sending it out, and -- but if
22 that's what -- obviously, that's what you want, then that's
23 what we'll do.

24             THE COURT:  No, I don't think that's necessary.  I
25 just was concerned about the use of the word "substantially."

```
 1  It's not quite vague enough to drive a truck through, but it's
 2  -- it -- I've not seen it before in a proposed order.  I have
 3  no problem with it, knowing all of you.  If you feel more
 4  comfortable leaving the word "substantially" in, leave it in.
 5           Paragraph 4, postmarked no later than 35 days from
 6  mailing.  And if I sign the order either today or tomorrow and
 7  docket it right away, then I can plug in the 35 days.  How long
 8  do you think it will take to mail the notice?
 9           MR. SORENSON:  I haven't spoken to the
10  (indiscernible) administrator.  It will be done within the 14
11  days.  Thirty-five days from that is, I think, January 31st.
12  You can plug in that date.
13           THE COURT:  All right.  So paragraph 4 will have the
14  date January 31st.  And then the paragraph 5, 60 days.  It
15  would be 60 days from tomorrow.
16           MR. SORENSON:  Right.  I have got February 25, 2020.
17           THE COURT:  Okay.  That takes care of those changes,
18  and fix the way in which the signature line is appended.
19           MR. SORENSON:  Yes.  Yes, Your Honor.
20           THE COURT:  All right.  Those are the only changes
21  with regard to the order itself.  As far as the notice is
22  concerned, the dates on page 8, 35 days from the date of
23  mailing of notice.  That would be -- I think you calculated
24  that to be January 31st.
25           MR. SORENSON:  Right.
```

```
 1              THE COURT:  Let me just look.  Yes.
 2              And the same on page -- that's paragraph 12, page 8,
 3  and then the same date would be inserted in paragraph 12, page
 4  9.  I think the notice is very good.  Have you used one like
 5  this before?  I think the answer is going to be yes.  I'd like
 6  to hear it.
 7              MR. SORENSON:  Yes.  Yes, Your Honor.  We -- it's
 8  very similar to a number of notices in similar cases.
 9              THE COURT:  And I think this notice is going to go to
10  I'm going to describe them as sophisticated litigants, a small
11  group, and I think it works.
12              Is there anything else that we have to address?  I've
13  covered what I had in mind.
14              MR. SORENSON:  No, Your Honor.  Not from the direct
15  class's standpoint.
16              THE COURT:  All right.  Does anyone else have
17  anything to add?
18              MR. SAINT-ANTOINE:  Not from me, Your Honor.  This is
19  Paul Saint-Antoine.
20              THE COURT:  Anyone else?  The retailer plaintiffs.
21              MR. PERWIN:  No, Your Honor.  Scott Perwin.
22              THE COURT:  And how about --
23              MR. PERWIN:  We appreciate being included.
24              THE COURT:  Well, I didn't mean to exclude you.
25              MR. PERWIN:  I understand.
```

1          THE COURT:  Ms. Kiley, anything?

2          MS. KILEY:  No, Your Honor.  Thank you.

3          THE COURT:  And, Ms. Allon, for TEVA?

4          MS. ALLON:  No, Your Honor.  Thank you.

5          THE COURT:  All right.  I have nothing else.  If, in
6 going through this, you come up with anything, initiate a
7 telephone conference.  You don't have to get everyone on, but
8 and I'll get back to you right away.  Or send me an email.  We
9 can do it that way.  I think that might be easier.  I can get
10 back to you faster that way, and I say that because I just
11 might be tied up in this sentencing.  It's a sentencing
12 involving a violation of the Federal Election Law for an
13 election to the House of Representatives, a primary, and it
14 just might take a little longer than I anticipate.

15          So let's proceed that way.  I'll expect to get a form
16 of order back by day end.  As soon as I get it, I'll sign it
17 and docket it.

18          MR. SORENSON:  Your Honor, this is David Sorenson.
19 You told me at the end you're inclination to set another
20 telephone conference or a status conference in the near future.
21 Can you mention that, or -- I'm just inquiring.

22          THE COURT:  Well, it occurred to me we ought to talk
23 about next steps too.  That was the only other thing.  We need
24 a schedule, and I don't think we need to schedule beyond
25 summary -- well, first, let me ask.  Is there any -- we debated

1  the need for additional discovery, and I've forgotten how that
2  was left.  I don't have in front of me the scheduling files,
3  but what is left?  What is next?  My recollection is summary
4  judgment.
5           MR. SORENSON:  Yeah.  No.
6           THE COURT:  But --
7           MR. SORENSON:  Yeah.  Yeah, Your Honor, I guess, the
8  End-Payor plaintiffs are not on the phone, so I'll just state
9  then what I -- not only for the decision on their
10 classification motion is still pending --
11          THE COURT:  Yes, it is.
12          MR. SORENSON:  -- and then beyond that, my
13 recollection, I can correct it, is that what's next will be to
14 schedule a summary judgment proceedings and trial, and that has
15 yet to be addressed, and so I just raise it, you know, in terms
16 of what your inclination or desires are in terms of that.
17          THE COURT:  Well, I think we need a telephone
18 conference with the End-Payor plaintiffs, one.  The -- it must
19 be obvious from the timing that the End-Payor plaintiffs' class
20 certification motion, it presents a myriad of issues, and we
21 haven't resolved them.  I'm not going to say anymore than that
22 now.
23          I delayed getting back to the issue of scheduling,
24 because I wanted to keep the two classes parallel, but I'm not
25 sure we're going to be able to do that.  I'm swamped, is a good

1  word to describe it, but we just got a dozen criminal cases
2  related, which means they're separate cases, and getting a
3  dozen cases at the same time presents all sorts of scheduling
4  issues, like speedy-trial-like issues, because the cases do not
5  involve a conspiracy in which we can charge everyone in the
6  same indictment.
7        The -- we have trials set for criminal cases, and
8  that came some time ago, and we're kind of struggling to come
9  out from under what we have, but it's eating into the time I
10 plan to spend on cases like Niaspan.  So I'm -- I still haven't
11 decided whether we're going to separate the two and proceed
12 with summary judgment on the Direct -- the DPP class.  We're
13 not going to schedule a trial.  We're going to schedule through
14 summary judgment, and at the end of that part of the case,
15 we're going to decide the summary judgment motions.
16       We'll schedule what happens thereafter.  Does that
17 answer your question, Mr. Saint-Antoine?
18       MR. SORENSON:  Yes.  Yes.  Yeah, this is David
19 Sorenson.  Yes.
20       MR. SAINT-ANTOINE:  Yes, Your Honor.
21       THE COURT:  Oh, Mr. Sorenson.
22       MR. SORENSON:  Would you like to -- so would you like
23 to schedule another status conference on the telephone now, or
24 should we wait to hear from you?
25       THE COURT:  I think we should wait until we get --

1  because the next status conference will involve all parties,
2  including the End-Payor, the EPP class.  So --
3          MR. SAINT-ANTOINE:  Yes, Your Honor.
4          THE COURT:  -- that's all we're offering on that, but
5  there's nothing to stop you from preparing a motion for summary
6  judgment.  You don't have to have a deadline to start work on
7  it, and I'm sure you've already done that.  Again, I'd like to
8  keep the two cases on the same track, and -- but because of
9  this -- well, this sudden, I'm going to call it a drop of
10 criminal cases, I'm having trouble scheduling, but we're
11 getting through that, and all of the criminal cases are
12 scheduled and we don't have to worry about going through trials
13 at the same time.
14         I don't know whether you understand how the Speedy
15 Trial Act works.  If the defendants are joined in a single
16 indictment, which can be done if there's a conspiracy charge,
17 it's relatively simple, although, you might have to bifurcate.
18 But when you're charged in separate indictments, you need
19 separate trials, and the time spent in separate trials is much,
20 much, much more extensive than the time spent on a single trial
21 with the same number of defendants.
22         On that note, if there's nothing else that we have to
23 do, I'll end the conference.  I'll expect you to get the notice
24 back to me today.  I'll sign off on it today or tomorrow,
25 depending upon my schedule and this other criminal case about

1  which I spoke.
2         So thank you all for making yourselves available on
3  short notice, and I'll expect to hear from you, as I said, this
4  afternoon.  Have a --
5         MR. SORENSON:  Yes, Your Honor.  Thank you.
6         THE COURT:  Have a --
7         MR. SAINT-ANTOINE:  Thank you, Your Honor.
8         THE COURT:  Have a great day.
9         MR. SORENSON:  Thank you.
10    (Proceedings concluded at 12:11 p.m.)
11                         * * * * *

**C E R T I F I C A T I O N**

I, J. Marie Moran, court-approved transcriber, hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

*J. Marie Moran*

J. Marie Moran, AAERT NO. 677     DATE:  December 23, 2019
ACCESS TRANSCRIPTS, LLC

**C E R T I F I C A T I O N**

I, Lisa Luciano, court-approved transcriber, hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.

*Lisa Luciano*

LISA LUCIANO, AAERT NO. 327     DATE:  December 23, 2019
ACCESS TRANSCRIPTS, LLC